UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN FLORES
    Plaintiff

Vs                                CASE #:

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES L.P
    Defendant



FILED BY ____ D.C.
FEB 06 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff, Juan Flores, individually, hereby sues Defendants LVNV FUNDING LLC and RESURGENT CAPITAL SERVICES L.P and alleges;

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendantsfor damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15USC §1692 et. seq, for damages for violation of the Fair Credit Reporting Act (FCRA) 15USC § 1681b et seq. and for damages for violation of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI).

2. Plaintiff contends that the Collection Company Defendants have violated such laws by attempting to collect an alleged debt

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, §1692k (d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages, which may exceed $7,000.00

## PARTIES

6. Plaintiff, JUAN FLORES, is a natural person and is a resident of the State of Florida.

7. Upon information and belief, Defendant, RESURGENT CAPITAL SERVICES L.P. (RESURGENT) is a debt collector as defined by 15 USC 1692 a (6), a furnisher of information as defined by 15 USC 1681 s-2 a user of information as defined by 15 USC 1681 m and a foreign Limited Partnership authorized to do business in the State of Florida with its main office at 55 Beattie Place SUITE 110 GREENVILLE, SC 29601.

8. Upon information and belief, Defendant, LVNV FUNDING LLC (LVNV) is a debt purchaser and collector as defined by 15 USC 1692 a (6), a furnisher of information as defined by 15 USC 1681 s-2 a user of information as defined by 15 USC 1681 m and a foreign Limited Liability Company authorized to do business in the State of Florida with its main office at 6801 S. Cimarron Road Suite 424-J LAS VEGAS, NV 89113

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person allegedly obligated, to pay a debt asserted to be owed or due a creditor.

10. Plaintiff's alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. On or around June 15, 2017 RESURGENT sent Plaintiff a letter informing him of the transfer of an alleged Plaintiff's "account" to LVNV. RESURGENT stated in the letter that it was "the master servicer" of the alleged "account" for Defendant LVNV

12. On or around June 20, 2017 CREDIT ONE BANK NA sent Plaintiff a letter informing him of the sale of an alleged Plaintiff's "account" to LVNV.

13. On July 13, 2017 Plaintiff sent a validation letter to Defendant RESURGENT by Certified Mail # 7016-2710-0000-9686-4009.

14. On or around September 27, 2017 RESURGENT sent Plaintiff a letter attempting to collect an alleged debt.

15. On or around October 5, 2017 RESURGENT sent Plaintiff a new (2nd) letter attempting to collect an alleged debt.

16. On or around November 14, 2017 RESURGENT sent Plaintiff a new (3rd) letter attempting to collect an alleged debt.

17. On or around January 31, 2018 RESURGENT sent Plaintiff a new (4th) letter attempting to collect an alleged debt.Said letter included also the 30 days Validation Notice required by the FDCPA.

18. On February 21, 2018 Plaintiff sent a validation letter to Defendant RESURGENT by Certified Mail # 7017-2620-0000-6959-3179. Letter asked RESURGENT specific information about the alleged account it was trying to collect.

19. On or around April 22, 2018 RESURGENT sent Plaintiff a new (5th) letter attempting to collect an alleged debt and first letter since second request for validation.

20. On July 17, 2018 Plaintiff sent a validation letter to Defendant LVNV by Certified Mail # 7016-2710-0000-9686-4143-4146.

21. On July 17, 2018 Plaintiff sent a validation letter to TRUEACCORD by Certified Mail # 7017-2620-0000-6959-3216.

22. On July 19, 2018 at 4.49 pm TRUEACCORD sent Plaintiff an email to Plaintiff attempting to collect an alleged debt, allegedly belonged to LVNV.

23. On February 21, 2018 Plaintiff sent a validation letter to Defendant RESURGENT by Certified Mail # 7017-2620-0000-6959-3179.

24. On or around September 12, 2018 RESURGENT sent Plaintiff a 2 new (6th and 7th) letters attempting to collect an alleged debt and second and third letter since second request for validation.

25. Defendants RESURGENT and LVNV has failed to validate the alleged debt they are trying to collect. Defendants never stopped collecting as required by the FDCPA 1692 g (B).

26. Defendants are furnishers of information governed by the FCRA, 15 U.S.C. § 1681s-2.

27. On or around October 22, 2018, Plaintiff sent a dispute letter to Experian, Equifax and Trans Union (collectively the "consumer reporting agencies" or the "CRAs") after finding entities that he was unfamiliar with in the reports.

28. Plaintiff found after examination of his EXPERIAN consumer credit report that Defendant RESURGENT had pulled Plaintiff's consumer credit report on; July 26, 2017

29. As described in the FTC Report of July, 2011(https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary- interpretations/110720fcrareport.pdf ), "since its initial passage in 1970, the Federal Trade Commission ("FTC"or "Commission") has played a key role in the implementation, oversight, enforcement, andinterpretation of the FCRA. Under the Consumer Financial Protection Act of 2010 ("CFPA"), the FTC retains its enforcement role but will share that role in many respects with the newly createdConsumer Financial Protection Bureau ("CFPB")"

30. The FTC,in said Report, shares their interpretation of the law on"permissible purpose" in a clear and unmistakable manner backed by 40 years of experience.

31. First, the FTC and later the CFPB defined "creditor" as follows;

"Creditor" "means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that that person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another"

32. The FTC also stated creditors can have a permissible purpose to access a consumer's credit file. However, debt buyers, such as LVNV and/or RESURGENT are not creditors since (1) they have never extended credit of the Consumer, (2) they are assigned or transferred the debt through purchase, and (3) they are collecting on their own behalf rather than the creditor.

33. Some debt collectors are permitted to access a consumer's file. A collection agency, detective agency, private investigator, or attorney can have a permissible "collection" purpose under this section to obtain a consumer report on a consumer for use in obtaining payment of that consumer's account on behalf of a creditor. That does not fit LVNV, LVNV is not a creditor.

34. Defendant RESURGENT used or obtain Plaintiff's consumer report in behalf of LVNV; *a debt buyer*

35. Defendant RESURGENT used or obtain Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

36. Defendant RESURGENT accessed Plaintiff's consumer report in attempting to collect on an alleged account that Plaintiff did not have.

4

37. After further examination Plaintiff discovered that Defendant LVNV has harmed the Plaintiff by reporting a disputed account in his credit files with CRAs.

38. LVNV reported a collection account to the national CRAs.

39. Plaintiff disputed the alleged account on October 22, 2018.

40. On information and belief, each CRA then forwarded the disputes to LVNV through the credit industry's "e-Oscar" system and in response to the dispute, LVNV simply responded that it had "verified" that the alleged account belonged to it and was owed by the Plaintiff.

41. On information and belief, LVNV standard procedure for receiving and processing consumer disputes is to do so entirely by automated response. It does not conduct a substantive investigation. Literally nothing is done to investigate any dispute.

42. LVNV also knew when it received Plaintiff's dispute that it did not have any underlying documents-card member agreements, signed applications, credit card statements, etc.-to support the alleged debt. LVNV only lawful option was to delete the tradeline.

43. LVNV had actual knowledge that this is what the FCRA required- a "meaningful searching inquiry" and that LVNV could not report or "verify" the account tradeline to the CRAs when it lacked underlying documentation.

44. In 2000, the Federal Trade Commission held that the FCRA barred a debt buyer from "verifying" a tradeline disputed by a consumer when it did not possess the original documents. The FTC entered into a Consent Decree with Performance Capital Management Inc. (PCM), a debt buyer and furnisher of credit information subject to § 1681s-2. Among the FTC's allegations was that upon receiving a CDV form from a CRA, "it is the practice of PCM to compare the name, address, and information in PCM's computer database with the information provided on each consumer dispute verification form. Where the two matches, PCM reports that is has verified as accurate the information in its file"

45. The FTC alleged that "verifying information in the computerized PCM files does not constitute an "investigation" for purposes of section 1681s-2(b13)" The FTC's Consent Decree remedied this noncompliance with **1681s-2(b)** with entry of the following injunction enjoining PCM from:

failing to properly investigate consumer disputes, as required by Section 623(b) of the Fair Credit   Reporting Act, 15 U.S.C. � 1681s-2(b), when consumer reporting agencies refer disputes to the defendant pursuant to Section 611(a)(2), 15 U.S.C. � 1681i(a)(2) . In order to

comply with Section 623(b) when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall either verify the information with the original account records within the time period set forth in the Fair Credit Reporting Act or take all necessary steps to delete the information from the files of all consumer reporting agencies to which the information was reported. In any situation where the defendant either knows that no original records exist, or is informed by the original creditor that no records exist, the defendant shall, within five business days after receiving the consumer dispute, notify all consumer reporting agencies to which the information has been provided that the information is to be deleted from the file of the consumer who has disputed the account;..

*Consent Decree Order, Section II*

46. LVNV did not perform a reasonable reinvestigation and knowingly and willfully continued to furnish unverified, derogatory and inaccurate information to the CRAs since November 19, 2018 to the present.

47. Discovery of violations brought forth herein occurred on October 22, 2018, and are within the statute of limitations as defined in F.C.R.A 15 U.S.C. §1681p.

48. Defendant LVNV and RESURGENT failed to validate alleged debt and continue its collection attempts and LVNV continue reporting it to the CRAs.

49. Plaintiff sent notices to Defendants RESURGENT and LVNV of their violations of the FDCPA, FCCPA and FCRA. This is/was sent in an effort to mitigate damages and reach a settlement for their violations of Federal and State Law. Defendants ignored Plaintiff's Notices.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS RESURGENT AND LVNV

50. Plaintiff alleges and incorporates the information in paragraphs 1 through 49.

51. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

52. The Plaintiff has been the subject of collection activity arising from an alleged and non- existing Consumer debt.

53. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

54. Defendants RESURGENT and LVNV violated §1692e and§1692e (10), by the use of any false, deceptive or misleading representation or means in connection with the collection of

6

an alleged debt. By falsely representingdirectly or indirectly, expressly or by implication that the collection of the alleged debt was made after reviewing "account level documentation".

55. Defendants RESURGENT and LVNV pulled plaintiff's credit report and reported a tradeline in an attempt to collect an alleged debt knowing that they were not in possession of any "account level documentations" to prove their case. The act of misrepresenting the legal status of an alleged and non-existing debt is a violation of §1692e (2).

56. Defendants RESURGENT and LVNV violated §1692e (5), by threatening to take any action that cannot legally be taken or that is not intended to be taken when they pulled plaintiff's credit report and reported a tradeline under false pretenses, attempting to collect an alleged and non-existing debt.

57. Defendants RESURGENT and LVNV violated §1692e (8) when they threaten or communicate false credit information to the CRA's.

58. Defendants RESURGENT and LVNV violated § 1692 f, when they used unfair means to collect or attempt to collect the alleged debt

59. Defendants RESURGENT and LVNV violated § 1692 f (1), when they attempted to collect an amount not authorized by the agreement or permitted by law. Defendants have failed to provide the agreement or contract that proved the alleged debt.

60. Defendants LVNV violated §1692 g, when it failed to send a 30 day validation Notice within 5 days of reporting alleged trade-line with Trans Union and Experian.

61. Defendants RESURGENT and LVNV violated §1692 g (b); collector must cease collection efforts until debt is validated. Plaintiff requested validation at least two times. Defendants failed to validate and continue with their collection efforts.

62. As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress

WHEREFORE, Plaintiff demands judgment for damages against Defendants RESURGENT and LVNV and actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## **COUNT II**

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681s-2(b) BY DEFENDANT LVNV

63. Plaintiff alleges and incorporates the information in paragraphs 1 through 62.

64. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

65. DefendantLVNVis a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2 and a user of information as defined by 15 USC 1681 m.

66. On one occasion within the two years prior to the filing of this suit, by example only and without limitations, LVNV violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute regarding the alleged account, and/or by reporting inaccurately the results of such investigation.

67. As a result of this conduct, action and inaction of LVNV, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

68. LVNV's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, LVNV was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff demands judgment for damages against Defendant LVNV and $1,000.00 for actual or statutory damages per violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681nand §1681o.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANT RESURGENT

69. Plaintiff alleges and incorporates the information in paragraphs 1 through 68.

70. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

71. Experian and Trans union are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

72. Defendant RESURGENT is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

73. 15 U.S.C. § 1681b (f) provides a person shall not use or obtain a consumer report for any purpose unless:

   (1)   the consumer report is obtained for a purpose for which the consumer report is

      authorized to be furnished under this section; and

      (2)   the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

74. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

75. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

76. Plaintiff has never had any business dealings or any "accounts" with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant RESURGENT.

77. Plaintiff never had any "accounts" with Defendant RESURGENT.

78. The FCRA provides a specific, narrow definition of the term account, which encompasses only; "a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in [15 U.S.C. § 1602(j)]), as described in regulations of the Bureau [of Consumer Financial Protection], established primarily for personal, family, or household purposes" 15 U.S.C. § 1693a (2); see id. § 1681a(r) (4) (incorporating definition of "account" set forth in Electronic Funds Transfer
      Act)

79. Defendant RESURGENT obtained the Experian consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

80. The actions of Defendant RESURGENT obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

81. At no time did Plaintiff give his consent for RESURGENT to acquire his consumer credit report from any credit reporting agency.

82. RESURGENT willfully and negligently violated the FCRA. Defendant violations include, but are not limited to the following:

      a) Defendant RESURGENT willfully violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

(b) Defendant RESURGENT negligently violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

83. As a result of this conduct, action and inaction of Defendant RESURGENT, the Plaintiff suffered actual damages including without limitation, by example only: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

WHEREFORE, Plaintiff demands judgment for damages against Defendant RESURGENT and $1,000.00 for actual or statutory damages per violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA STAT §559(Part VI) BY DEFENDANTS RESURGENT AND LVNV

84. Plaintiff alleges and incorporates the information in paragraphs 1 through 83.

85. Plaintiff is a consumer within the meaning of §559.55(2).

86. Defendant RESURGENT and LVNVaredebt collectors within the meaning of §559.55(6).

87. The Florida Consumer Collection Practices Act (the "FCCPA") is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. See Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010)

88. DefendantsRESURGENT and LVNV violated §559.72(9) by claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate or by asserting the existence of some other legal right knowing that the right does not exist. Defendants have failed to provide account level documentation requested at least twice by Plaintiff and instead continue with its collection attempts.

Furthermore, LVNV claimed to have the legal right to collect an alleged and non-existing debt of the Plaintiff when it kept reporting same after Plaintiff's dispute with the CRA's.

WHEREFORE, Plaintiff demands judgment for damages against Defendants RESURGENT and LVNV for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues sotriable as a matter of law.

February 6, 2019.

Respectfully submitted,

*[signature]*

Juan Flores

8186 NW 114 PL

MEDLEY FL 33178-2543

jaf3046m@gmail.com