UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20498-Civ-COOKE/GOODMAN

JUAN FLORES,

    Plaintiff,
vs.

LVNV FUNDING LLC and
RESURGENT CAPITAL SERVICES, L.P,

    Defendants.
_____/

## DEFENDANTS, LVNV, LLC and RESURGENT CAPITAL SERVICES, L.P.'s RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

DEFENDANTS, LVNV FUNDING, LLC ("LVNV") and RESURGENT CAPITAL SERVICES, L.P, ("Resurgent"), respond to Plaintiff's Statement of Claim [DE 11], as ordered by this Court [DE 7], and says:

In his Statement of Claim Plaintiff indicates that contact with Defendants began when he received a letter dated June 15, 2017. This letter advised him that "ownership of your account has been transferred from FNBM, LLC to LVNV Funding, LLC. Your account will now be serviced by Resurgent Capital Services, L.P., which is the master servicer for LVNV Funding LLC." The letter also identified the account as ending in 6264 (hereinafter the "Account"), and advised that the original creditor was Credit One Bank, N.A. Consistent with this letter, he also received a letter from Credit One Bank NA which informed him that his credit card account ending in 6264 with a balance of $1,045.23 had been sold and assigned to LVNV Funding, LLC. (See Composite Exhibit A). There can be no doubt that the Plaintiff was duly informed, and understood, that the account he originally had with Credit One Bank, N.A. now belonged to

LVNV Funding, LLC. Yet, Plaintiff refers to the account as an "alleged account", at no time addressing whether the Credit One credit card account was actually his.

In addition to the letters noted above, the fact that the account was sold and assigned to LVNV is further evidenced by the assignment documents and electronic data identifying the Plaintiff and his account. (Exhibit B) which were received by LVNV during the process of acquiring the portfolio which included the Account. The ultimate assignee, LVNV Funding, LLC, also received statements reflecting all account activity from account origination. (Exhibit C).

Because the Account was sold and assigned to LVNV, its servicer had a permissible purpose for making credit inquires. Likewise, it was proper and permissible for Resurgent to report the account to the credit bureaus. Plaintiff contends that Defendants were required to remove the credit line from his reports once he disputed the account. That is incorrect. LVNV's servicer was required to report that the account was "disputed", which it did. See Plaintiff's own exhibit number 11 which reflects proper reporting as disputed and thus full compliance with applicable law. Resurgent's records related to credit reporting also reflect that the account was coded as disputed, as shown by the code notation "xb". (Exhibit D).

Plaintiff also takes issue with Defendants responses to his repetitive requests for debt validation. (Exhibit E – Plaintiff's letters; Exhibit F – Defendant's responses). Plaintiff doesn't dispute that responses were sent to him, rather he claims that the responses were insufficient; however, Resurgent provided the name of the original creditor, the account balance, the last 4 digits of the account number, the date the account was opened with the original creditor, the date of last payment, and some further information. The letters complied with the requirements of the FDCPA. Defendants were not required to meet the specific demands of Plaintiff's letters dated

February 21, 2018 and August 24, 2018 in which he requested substantial, detailed information, demanded that the account be deleted from credit reporting agencies, and made other demands and requests as set forth therein. (Exhibit G).

Pursuant to 1692g, a consumer can request debt validation within thirty (30) days of receipt of a notice of debt letter sent under 1692g (a). Plaintiff's letters to Resurgent do not appear to have been sent within such thirty (30) day period as a result of which the validation requirements of subsection b were not triggered, despite which Resurgent did respond and provided all information that would have been required in response to a proper request.

Although both Defendants dispute any conduct in violation of any applicable law, to the extent that Plaintiff's allegations are based upon acts or omissions that occurred more than one year from the date the complaint was filed the one-year statute of limitations bars the claim under the FDCPA. February 6, 2019, thus, any alleged violations which occurred prior to February 6, 2018 are no longer actionable under the FDCPA unless tolling applies. There does not appear to be any basis to toll the statute.

The above is submitted in compliance with the Court's Order of Referral and Order Regarding Court Practices and Procedures. [DE 7].

Respectfully submitted,

/s/ Carla T. Reece
Florida Bar No.: 883816
700 N. Wickham Rd., Suite 110
Melbourne, FL 32935
(P) 321-622-8925
carlareece@canaveral-legal.com
staff@canaveral-legal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been provided to Plaintiff Juan Flores via electronic transmission to jaf3046m@gmail.com on April 11, 2019.

/s/ Carla T. Reece
Carla T. Reece, Esq.
Florida Bar No.: 883816
